Filed 1/14/22  P. v. Grajiola CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANGEL CRYSTAL GRAJIOLA, <br><br> Defendant and Appellant. | F082134 <br><br> (Super. Ct. No. F20906032) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda S. Allen-Hill, Judge.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Peña, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment of conviction and is authorized by Penal Code section 1237.[1]

## STATEMENT OF THE CASE

On September 9, 2020,[2] the Fresno County District Attorney charged appellant Angel Crystal Grajiola with felony corporal injury to a spouse (§ 273.5, subd. (f)(1); count 1) and misdemeanor disobeying a domestic relations court order (§ 273.6, subd. (a); count 2). Related to count 1, it was also alleged that Grajiola had been convicted within the previous seven years of another violation of section 273.5, subdivision (f). The charges included the allegation of a strike prior for violation of section 243, subdivision (d). (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), & 667, subd. (a).)

On September 10, the court issued a criminal protective order. On September 21, Grajiola moved to be released from custody with an ankle monitor. Related to this motion, R.B., Grajiola's husband (the alleged victim of her crimes), addressed the court in support of her release from custody and to request that the previously issued protective order be withdrawn or modified. The court denied Grajiola's motion for release and declined to withdraw or modify the protective order.

On October 8, Grajiola entered into a negotiated plea agreement. Under the terms of the agreement, she pleaded no contest to count 1 (corporal injury to a spouse) and admitted the strike allegation. The plea agreement contained a four-year sentencing "lid" and a promise by the prosecutor to dismiss any remaining counts. Following the entry of Grajiola's plea, count 2 of the complaint was dismissed upon the prosecutor's motion.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise stated.

[2] All references to dates are to dates in 2020.

2.

On November 6, Grajiola filed a written motion to strike her prior serious felony conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The *Romero* motion was heard and denied on November 9. On the same day, the court sentenced Grajiola to four years in state prison, consisting of the low term of two years, doubled because of the strike pursuant to section 667, subdivision (e)(1). She was given 132 days of credit (66 actual plus 66 good time/work time). The court also imposed and stayed a $300 restitution fine pursuant to section 1202.45, imposed a $40 security fee pursuant to section 1465.8, and imposed a $30 criminal conviction assessment pursuant to Government Code section 70373. The court denied her request to stay the fine and assessment.

Finally, the court recalled the previously issued criminal protective order and issued a new order pursuant to section 136.2, subdivision (i)(1). Under the terms of the protective order, the protected party was Grajiola's husband. The order prohibited her from having personal, electronic, telephonic, or written contact with her husband; prohibited contact between Grajiola and her husband through any third parties (other than attorneys); required her to remain at least 100 yards away from her husband; and required her to stay away from her husband's residence. It is in effect for three years, until November 9, 2023.

On December 2, Grajiola filed a notice of appeal.

### STATEMENT OF FACTS[3]

The parties stipulated that there was a factual basis for the plea agreement.

On September 5, Grajiola had been married to her husband, R.B., for two years. They have no children in common. At about 10:00 a.m. that day, they were at home when an argument ensued. Grajiola accused R.B. of cheating on her and began striking

---

[3] The Statement of Facts is drawn from the probation officer's report.

him in the head, ultimately landing about 15 blows. R.B. thought that "things would cool down" if they left the residence, so they left to run errands without further incident.

Meanwhile, an unknown individual called the police and an officer reported to R.B.'s residence. The officer spoke with R.B.'s daughter who told them she had heard Grajiola and R.B. arguing and saw R.B.'s bloody face. The parties were not present, and the police officer left.

When Grajiola and R.B. returned to the residence, another argument ensued. Grajiola struck R.B. in the head eight more times. R.B. tried to leave in his truck, but Grajiola jumped into the truck bed and refused to get out. R.B. called the police. The arriving officer found Grajiola standing in the bed of the truck yelling at R.B. The officer told Grajiola to step out of the vehicle and the parties were separated. The officer observed that R.B. had lacerations and swelling to his left eye, and lacerations to the bridge of his nose and his lower lip. R.B. also complained of head pain but declined medical treatment.

After being advised of her *Miranda*[4] rights, Grajiola told the police officer she had been released from the hospital a few days prior and had been staying with R.B. since her release. She stated many of their arguments become physical but neither of them calls the police. They had been fighting in the bedroom and at some point, R.B. got on top of her and she had to fight him off. She said she did not know how R.B. had been injured because it happened so fast and that she thought the order of protection was for her as the protected party.

Grajiola was arrested, transported, and booked into Fresno County jail.

## APPELLATE COURT REVIEW

Grajiola's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436.

4.

independently.  (*People v. Wende* (1979) 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating Grajiola was advised she could file her own brief with this court.  By letter on June 2, 2021, we invited Grajiola to submit additional briefing.  To date, she has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Grajiola.

## DISPOSITION

The judgment is affirmed.